UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LATONDRA R. CHATMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.: 1:22-cv-00155 |
| | ) | |
| MARTEN MUAYD NASIR | ) | **JURY TRIAL DEMANDED** |
| AND BNK TRANSPORT INC. | ) | |
| | ) | Missouri Circuit Court for |
| | ) | Cape Girardeau County |
| Defendants. | ) | Missouri Case No.: 22CG-CC00207 |
| | ) | |
| | ) | |

## **DEFENDANT MARTEN MUAYD NASIR'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C § 1441, et seq., Defendant Marten Muayd Nasir files his Notice of Removal of this lawsuit originally filed in the Missouri Circuit Court for Cape Girardeau County, and in support of this Notice states:

1. This is a civil action over which this Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 *et seq*.

2. Plaintiff's Petition asserts allegations of negligence that arise out of a motor vehicle accident that occurred on July 30, 2021 in Cape Girardeau County, Missouri and is a controversy between citizens of different states. (Ex. A, Plaintiff's Petition).

3. "Diversity jurisdiction requires complete diversity of citizenship, meaning 'no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hammond v. Patterson Auto Sales, Inc.*, 2014 WL 6463351 at *2 (E.D. Mo. Nov. 17, 2014). "To establish complete diversity of citizenship, a complaint (or notice of removal) must include factual

1

allegations of each party's state of citizenship." *Id.* "Whenever federal jurisdiction in a removal case depends on complete diversity, diversity is determined from the fact of citizenship of the named parties and not from the fact of service." *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121 at *1 (E.D. Mo. July 8, 2014).

4. Plaintiff Latondra Chatman pleads she is a citizen and resident of the State of Tennessee. (*See* Ex. A, ¶1). Matters alleged in the complaint are binding admissions. *Worley v. Celebrate Children Int'l, Inc.*, No. 1:16-CV-96, 2016 WL 6777899, at *2 (E.D. Mo. Nov. 16, 2016) (citing *Missouri Housing Develp. Com'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990).

5. Plaintiff pleads that Defendant Marten Nasir is a citizen and resident of the State of Kansas. (*See* Ex. A, ¶2).

6. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78, 95-96 (2010).

7. Plaintiff pleads that Defendant BNK Transport Inc. is a corporation with its principal office and place of business in Indiana. (Ex. A, ¶ 3).

8. Plaintiff is a citizen of a state that is different than all Defendants and no defendant is a citizen of the forum state. Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. See also, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

9. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Typically "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves by the preponderance of the evidence, that the amount in controversy exceeds $75,000." *Pleasant v. Noble Finance Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014). Plaintiff's Petition seeks damages in excess of $25,000.00, but does not provide a specific amount. (Ex. A, ¶26).

11. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Plaintiff's counsel made a pre-suit settlement demand wherein Plaintiff's stated Plaintiff incurred the following damages: 1) economic damages of $11,737.34; 2) past pain and suffering of $53,600.00; and 3) future pain and suffering of $2,497,184.00. (Ex. B, Redacted July 1, 2022 Letter from Gregory Vescovo). Additionally, Plaintiff's Petition seeks damages for "serious, painful, and permanent injuries to her back, neck, hips, shoulders and body as a whole." (Ex. A, ¶22). While a pre-suit settlement demand is not dispositive of the amount in controversy, a settlement demand is relevant to determining the amount in controversy. *Gramc v. Miller Elevator Co./Schindler Enters.*, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998).

12. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, based on Plaintiff's counsel's demand regarding Plaintiff's economic damages, past pain and suffering, and future pain and suffering. In determining whether the amount in controversy requirement of diversity jurisdiction is satisfied, the question is not whether the damages are

greater than the requisite amount, but "whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

13.     This civil action is between citizens of the States of Tennessee, Kansas, and Indiana.  Further the amount in controversy exceeds $75,000.00 exclusive of interests and costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

14.     Defendant Marten Muayd Nasir received a copy of Plaintiff's summons and petition on October 14, 2022.  Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after receipt of the Summons and Petition. *Quinlan v. Party City Corp.*, No. 4:19 CV 163 CDP, 2019 U.S. Dist. LEXIS 63267, at *4 (E.D. Mo. Apr. 12, 2019).

15.     Upon information and belief, Co-Defendant BNK Transport Inc. was served on October 17, 2022 and has not yet filed a responsive pleading.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441 and E.D.Mo. L.R. 2.07(A)(3) because this action was originally filed in Cape Girardeau County, Missouri, which is included in this Court's judicial area.

17.     Attached as Exhibit C is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

18.     Attached as Exhibit D is the Eastern District Court of Missouri Cover Sheet.

WHEREFORE, Defendant Marten Muayd Nasir prays that the above-captioned matter be removed from the Missouri Circuit Court of Cape Girardeau County.

/s/ Joseph R. Swift
Joseph R. Swift #37241
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
jswift@bakersterchi.com
*Attorneys for Defendant Marten Nasir*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of November, 2022 the foregoing was filed electronically with the Clerk of the United States District Court for the Western District of Missouri by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Gregory D. Vescovo
J. Matthew French
Morgan & Morgan, P.A.
200 N. Broadway, Suite 720
St. Louis, MO 63102
gvescovo@forthepeople.com
mfrench@forthepeople.com
*Attorneys for Plaintiff*

/s/ Joseph R. Swift

4884-1037-3950v.1