

**Your Missouri Courts**

case.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print       GrantedPublicAccess **Logoff JOSEPHSWIFT**

### 22CG-CC00207 - LATONDRA CHATMAN V BNK TRANSPORT INC. ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending ○ Ascending

Display Options: All Entries

---

**10/18/2022** ☐ **Corporation Served**

Document ID - 22-SMOS-55; Served To - BNK TRANSPORT INC.; Server - ; Served Date - 17-OCT-22; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - served to Katie Kelly, Registered Agent

☐ **Family Member/Roommate Served**

Document ID - 22-SMOS-54; Served To - NASIR, MARTIN MUAYD; Server - ; Served Date - 14-OCT-22; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - served to Miriam Nasir, Sister of Defendant

☐ **Notice of Service**

Affidavit of Service for BNK Transport Inc..
    **Filed By:** GREGORY DAVID VESCOVO JR
    **On Behalf Of:** LATONDRA CHATMAN

☐ **Notice of Service**

Affidavit of Service for Martin Nasir.
    **Filed By:** GREGORY DAVID VESCOVO JR

**10/11/2022** ☐ **Summons Issued-Circuit**

Document ID: 22-SMOS-55, for BNK TRANSPORT INC..

☐ **Alias Summons Issued**

Document ID: 22-SMOS-54, for NASIR, MARTIN MUAYD.

☐ **Proposed Order Filed**

Proposed Order for Alias Summons.
    **Filed By:** GREGORY DAVID VESCOVO JR
    **On Behalf Of:** LATONDRA CHATMAN

☐ **Alias Summons Requested**

Motion for Alias Summons.
    **Filed By:** GREGORY DAVID VESCOVO JR

**08/23/2022** ☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 22-SMOS-43, for BNK TRANSPORT INC..

☐ **Summ Issd- Circ Pers Serv O/S**

Document ID: 22-SMOS-42, for NASIR, MARTIN MUAYD.

☐ **Order - Special Process Server**

☐ **Case Review Scheduled**

    **Scheduled For:** 12/05/2022; 9:00 AM ; BENJAMIN FREDERICK LEWIS; Cape Girardeau (Jackson)

**EXHIBIT C**

☐ **Filing Info Sheet eFiling**
    **Filed By:** GREGORY DAVID VESCOVO JR

☐ **Proposed Order Filed**
    Proposed Order for Special Process Server.
    **Filed By:** GREGORY DAVID VESCOVO JR
    **On Behalf Of:** LATONDRA CHATMAN

☐ **Motion Special Process Server**
    Motion for Special Process Server.
    **Filed By:** GREGORY DAVID VESCOVO JR

☐ **Pet Filed in Circuit Ct**
    Petition.
    **Filed By:** GREGORY DAVID VESCOVO JR

☐ **Judge Assigned**
    CAUSE ASSIGNED TO JUDGE BENJAMIN F LEWIS, DIV II.

**22CG-CC00207**

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

## STATE OF MISSOURI
## THIRTY SECOND JUDICIAL CIRCUIT
## CIRCUIT COURT OF CAPE GIRARDEAU COUNTY

| | | |
|---|---|---|
| **LATONDRA R. CHATMAN** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **MARTEN MUAYD NASIR** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: 36733 Weber Drive | ) | |
| Sterling Heights, MI 48310 | ) | |
| | ) | |
| **BNK TRANSPORT INC.** | ) | |
| | ) | |
| Serve: Registered Agents Inc. | ) | |
| 5534 Saint Joe Road | ) | |
| Fort Wayne, IN 46835 | ) | |
| | ) | |
| **Defendants.** | ) | |

### PETITION

COMES NOW, Plaintiff Latondra R. Chatman ("Plaintiff" or "Chatman"), by and through

her undersigned counsel, Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and for her cause

of action against Defendants, Marten Muayd Nasir ("Defendant" or "Nasir") and BNK Transport

Inc. ("Defendant" or "BNK"), states to the Court as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiff Latondra R. Chatman is a citizen and resident

of the State of Tennessee.

2.      At all relevant times hereto, Defendant Marten Muayd Nasir was and is a citizen

and resident of the State of Michigan, and, on information and belief, was an employee of

Defendant BNK Transport Inc., operating within the course and scope of his employment, and

operated the commercial vehicle which gives rise to the litigation.

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

3.     At all relevant times hereto, Defendant BNK Transport Inc., is a for-profit-corporation with its principal office and place of business in Indiana who, upon information and belief, regularly soliciting and transacts business in the State of Missouri.

## VENUE AND PERSONAL JURISDICTION

4.     Venue is proper in the Circuit Court of Cape Girardeau County pursuant to Mo. Rev. Stat.  § 508.010 because Plaintiff was first injured in Cape Girardeau County.

5.     Jurisdiction is proper over the Defendants in the State of Missouri pursuant to at least MO. REV. STAT. § 506.500 because Defendants committed tortious acts herein described within the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

6.     That on or about July 30, 2021, Plaintiff was operating a 2017 Volvo in Cape Girardeau County, Missouri.

7.     That Plaintiff was travelling in a generally southern direction on Interstate 55 ("I-55").

8.     That I-55 is a public thoroughfare which passes through, among other areas, Cape Girardeau County, Missouri.

9.     That on or about July 30, 2021, Defendant Nasir was operating a 2018 Freightliner tractor with accompanying enclosed utility trailer in Cape Girardeau County, Missouri.

10.     The tractor trailer being operated by Defendant Nasir was owned by and operated under the authority of Defendant BNK Transport Inc.

11.     That Defendant Nasir entered the tractor trailer owned by Defendant BNK Transport Inc. and proceeded to drive and attempted to merge onto southbound I-55 from Ramp 93.

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

12.     That Defendant Nasir failed to keep a proper lookout and failed to yield to Plaintiff's right of way when attempting to merge onto southbound I-55.

13.     That the left rear corner of the towed unit driven by Defendant Nasir struck the right front side of the vehicle being operated by Plaintiff.

14.     That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff.

## COUNT I
### Plaintiff v. Defendant Nasir
### (Negligence)

15.     Plaintiff hereby restates and incorporates by reference each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16.     That Defendant Nasir failed to keep a proper lookout and failed to yield to Plaintiff's right of way when attempting to merge onto southbound I-55.

17.     That the left rear corner of the towed unit driven by Defendant Nasir struck the right front side of the vehicle being operated by Plaintiff.

18.     That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff.

19.     That the injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Defendant in at least the following respects, to wit:

    a.     Defendant Nasir failed to exercise the highest degree of care when he failed keep a careful lookout while operating his motor vehicle;

    b.     Defendant Nasir failed to exercise the highest degree of care when he

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

attempted to merge and entered Plaintiff's lanes of travel;

c.    Defendant Nasir failed to exercise the highest degree of care when he failed to yield to Plaintiff's right of way;

d.    Defendant Nasir failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have stopped, but failed to do so;

e.    Defendant Nasir failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have slackened speed, but failed to do so;

f.    Defendant Nasir failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have sounded a warning, but failed to do so;

g.    Defendant Nasir failed to exercise the highest degree of care when he allowed Defendant's vehicle to come into contact with Plaintiff's vehicle.

20.    That each and all of the aforesaid acts and violations of law by Defendant Nasir, both of commission and of omission, were negligent and constituted negligence.

21.    That each and all of the aforesaid acts and violations of law by Defendant Nasir, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

22.    That as a direct and proximate result of the aforesaid acts by Defendant Nasir, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries to her back, neck, hips, shoulders and body as a whole.

23.    That as a direct and proximate result of the aforesaid acts by, both of omission and

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

commission, Plaintiff became sick, sore, lame, and disordered.

24.     That as a direct and proximate result of the aforesaid acts by Defendant Nasir, both of omission and commission, Plaintiff has suffered, and will hereafter suffer, physical pain and mental anguish.

25.     That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

26.     That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff Latondra Chatman prays for a judgment against Defendant Marten Muayd Nasir, in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

### COUNT II
**Plaintiff v. BNK Transport Inc.,**
**(Negligence)**

27.     Plaintiff hereby restates and incorporates by reference each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.     At all relevant times, Defendant Nasir, was an employee, agent and/or servant of Defendant BNK Transport Inc and was acting for the benefit of and within the scope and course of his employment and/or agency of Defendant BNK Transport Inc.

29.     That Defendant BNK Transport Inc., by and through its agent, servant, and/or employee Defendant Nasir, as the driver of a motor vehicle on the roads of the State of Missouri, has a duty to drive the vehicle in a careful and prudent manner so as not to endanger the property of another or the life or limb of any person and a duty to exercise the highest degree of care in violation of §304.012(1) RSMo.

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

30.     Defendant BNK Transport, by and through its agent, servant, and/or employee Defendant Nasir, negligently and recklessly failed to exercise the highest degree of care to control its automobile and drive in a careful and prudent manner, in violation of §304.012 RSMo, as described above in the following respects:

a.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir, negligently and recklessly failed to exercise the highest degree of care to keep a careful lookout for persons and vehicles upon said roadway.

b.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly traveled at an excessive rate of speed under the circumstances;

c.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly failed to sound a warning, swerve or take other evasive action to avoid the collision with Plaintiff;

d.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly failed to exercise the highest degree of care when merging and entering Plaintiff's lane of travel.

e.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have stopped, but failed to do so;

f.     Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly failed to exercise the highest

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have slackened speed but failed to do so;

g.      Defendant BNK, by and through its employee, agent and/or servant Defendant Nasir negligently and recklessly failed to exercise the highest degree of care when he failed to yield to Plaintiff's right of way;

31.    That each and all of the aforesaid acts and violations of law by Defendant BNK's agent, both of commission and of omission, were negligent and constituted negligence.

32.    That each and all of the aforesaid acts and violations of law by Defendant BNK's agent, both of commission and omission, were a direct and proximate cause of the damages and injuries hereinafter described.

33.    That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant BNK Trucking, Plaintiff suffered serious, painful, and permanent injuries to her back, neck, hips, shoulders and body as a whole.

34.    That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant BNK Trucking, Plaintiff became sick, sore, lame, and disordered.

35.    That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendant BNK Trucking, Plaintiff has suffered and will hereafter suffer, physical pain and mental anguish.

36.    That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

37.    That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

WHEREFORE, Plaintiff Latondra Chatman prays for a judgment against Defendant BNK

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

Transport Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, and for any further relief this Court deems just and proper

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Dated: August 23, 2022                     Respectfully Submitted,

*/s/ Gregory D. Vescovo, Jr*
Gregory D. Vescovo, Jr. # 63302
J. Matthew French #74173
**Morgan & Morgan, P.A.**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-955-1030
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
          mfrench@forthepeople.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

**STATE OF MISSOURI**
**THIRTY SECOND JUDICIAL CIRCUIT**
**CIRCUIT COURT OF CAPE GIRARDEAU COUNTY**

| | | |
|---|---|---|
| **LATONDRA R. CHATMAN** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **MARTEN MUAYD NASIR** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve:  36733 Weber Drive | ) | |
| Sterling Heights, MI 48310 | ) | |
| | ) | |
| **BNK TRANSPORT INC.** | ) | |
| | ) | |
| Serve:  Registered Agents Inc. | ) | |
| 5534 Saint Joe Road | ) | |
| Fort Wayne, IN 46835 | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR SPECIAL PROCESS SERVER

COMES NOW Plaintiff, Latondra R. Chatman, by and through her undersigned counsel,

Gregory D. Vescovo, Jr. of Morgan & Morgan, P.A., and hereby requests a Summons be issued to

Defendants in the above-referenced case at the address listed above.  Service to be made on

Defendant Marten Muayd Nasir by Eric Fluegge or Joseph Meek of Dart Group Incorporated 55

East Long Lake Road, Suite 215 Troy Michigan 48085 and Service to be made on Defendant BNK

Transport Inc. by Tejay Newsome of Harris Investigations, LLC 300 S. Detroit St. # 224 Lagrange,

Indiana 46761 appointed by this Honorable Court.

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

Dated: August 23, 2022                    Respectfully Submitted,

                                          */s/ Gregory D. Vescovo, Jr*
                                          Gregory D. Vescovo, Jr. # 63302
                                          J. Matthew French #74173
                                          **Morgan & Morgan, P.A.**
                                          200 N. Broadway, Suite 720
                                          St. Louis, MO 63102
                                          Tel: 314-955-1030
                                          Fax: 314-955-1060
                                          Email: gvescovo@forthepeople.com
                                                 mfrench@forthepeople.com
                                          **ATTORNEYS FOR PLAINTIFF**

22CG-CC00207

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

## STATE OF MISSOURI
## THIRTY SECOND JUDICIAL CIRCUIT
## CIRCUIT COURT OF CAPE GIRARDEAU COUNTY

| | | |
|---|---|---|
| **LATONDRA R. CHATMAN** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| **v.** | ) | |
| | ) | Division: |
| **MARTEN MUAYD NASIR** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: 36733 Weber Drive | ) | |
| Sterling Heights, MI 48310 | ) | |
| | ) | |
| **BNK TRANSPORT INC.** | ) | |
| | ) | |
| Serve: Registered Agents Inc. | ) | |
| 5534 Saint Joe Road | ) | |
| Fort Wayne, IN 46835 | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED ORDER FOR SPECIAL PROCESS SERVER

Upon review of Plaintiff's Motion for Appointment of Special Process Server, the court

hereby GRANTS the motion.

The Court asks the Clerk to issue a summons and return them to Plaintiff's counsel for

service upon the Defendants via the Special Process Server, as outlined in Plaintiff's motion.

_____

HONORABLE JUDGE ASSIGNED

**22CG-CC00207**

Electronically Filed - Cape Girardeau (Jackson) - August 23, 2022 - 08:09 AM

## STATE OF MISSOURI
## THIRTY SECOND JUDICIAL CIRCUIT
## CIRCUIT COURT OF CAPE GIRARDEAU COUNTY

| | |
|---|---|
| **LATONDRA R. CHATMAN** | ) |
| | ) |
| **Plaintiff**, | ) |
| | ) Cause No.: |
| **v.** | ) |
| | ) Division: |
| **MARTEN MUAYD NASIR** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Serve:  36733 Weber Drive | ) |
|         Sterling Heights, MI 48310 | ) |
| | ) |
| **BNK TRANSPORT INC.** | ) |
| | ) |
| Serve:  Registered Agents Inc. | ) |
|         5534 Saint Joe Road | ) |
|         Fort Wayne, IN 46835 | ) |
| | ) |
| **Defendants.** | ) |

## PROPOSED ORDER FOR SPECIAL PROCESS SERVER

Upon review of Plaintiff's Motion for Appointment of Special Process Server, the court hereby GRANTS the motion.

The Court asks the Clerk to issue a summons and return them to Plaintiff's counsel for service upon the Defendants via the Special Process Server, as outlined in Plaintiff's motion.

Special Process Server Appointed as Requested.
/s/ Ashley Schuessler, Deputy Clerk

_____
HONORABLE JUDGE ASSIGNED



# IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI

| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number:  22CG-CC00207 |
|---|---|
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address:<br>203 N. HIGH STREET, STE. 129<br>JACKSON, MO  63755 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to:  MARTIN MUAYD NASIR<br>Alias: | |
|---|---|

**36733 WEBER DRIVE<br>STERLING HEIGHTS, MI 48310**

*COURT SEAL OF*

*CAPE GIRARDEAU<br>COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| ___August 23, 2022___ | ___/s/ Ashley Schuessler, Deputy Clerk___ |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

| _____ |
|---|
| Signature and Title |

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI

| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number:  22CG-CC00207 |
|---|---|
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address:<br>203 N. HIGH STREET, STE. 129<br>JACKSON, MO  63755 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **BNK TRANSPORT INC.**
**Alias:**

**REGISTERED AGENTS INC.**
**5534 SAINT JOE ROAD**
**FORT WAYNE, IN  46835**

*COURT SEAL OF*



*CAPE GIRARDEAU*
*COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| August 23, 2022 | /s/ Ashley Schuessler, Deputy Clerk |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐  delivering a copy of the summons and petition to the defendant/respondent.
    ☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent
       with _____, a person at least 18 years of age residing therein.
    ☐  (for service on a corporation) delivering a copy of the summons and petition to
       _____ (name) _____ (title).
    ☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
*(Seal)*           ☐ authorized to administer oaths in the state in which the affiant served the above
                     summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Cape Girardeau (Jackson) - October 11, 2022 - 02:52 PM

**STATE OF MISSOURI**
**THIRTY SECOND JUDICIAL CIRCUIT**
**CIRCUIT COURT OF CAPE GIRARDEAU COUNTY**

| | | |
|---|---|---|
| **LATONDRA R. CHATMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Cause No.:  22CG-CC00207 |
| **v.** | ) | |
| | ) | Division: |
| **MARTEN MUAYD NASIR** | ) | |
| And | ) | |
| **BNK TRANSPORT  INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR ALIAS SUMMONS

COMES NOW Plaintiff, LATONDRA R. CHATMAN, by and through her undersigned counsel, Gregory D. Vescovo, Jr., of Morgan & Morgan, P.A., and hereby requests An Alias Summons be issued to Defendants in the above-referenced case at the address listed above.  Service to be made on Defendant Marten Muayd Nasir by Special Process Server, Eric Fluegge or Joseph Meek of Dart Group Incorporated 55 East Long Lake Road, Suite 215 Troy Michigan 48085, and Service to be made on Defendant BNK Transport Inc. by Tejay Newsome of Harris Investigations, LLC 300 S. Detroit St. # 224 Lagrange, Indiana 46761 appointed by this Honorable Court.

Respectfully Submitted,

*/s/ Gregory D. Vescovo, Jr*
Gregory D. Vescovo, Jr. # 63302
J. Matthew French #74173
**Morgan & Morgan, P.A.**
200 N. Broadway, Suite 720
St. Louis, MO 63102
Tel: 314-955-1030
Fax: 314-955-1060
Email: gvescovo@forthepeople.com
mfrench@forthepeople.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Cape Girardeau (Jackson) - October 11, 2022 - 02:52 PM

**STATE OF MISSOURI**
**THIRTY SECOND JUDICIAL CIRCUIT**
**CIRCUIT COURT OF CAPE GIRARDEAU COUNTY**

| | | |
|---|---|---|
| **LATONDRA R. CHATMAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Cause No.:  22CG-CC00207 |
| **v.** | ) | |
| | ) | Division: |
| **MARTEN MUAYD NASIR** | ) | |
| **And** | ) | |
| **BNK TRANSPORT  INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED ORDER FOR ALIAS SUMMONS

Upon review of Plaintiff's Motion for Alias Summons, the court hereby GRANTS the motion.

The Court asks the Clerk to issue the Alias Summons and return to Plaintiff's counsel for service upon the Defendants via the Special Process Server, as outlined in Plaintiff's motion.

_____
HONORABLE JUDGE ASSIGNED



**IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number:  22CG-CC00207 |
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address: |
| Nature of Suit:<br>CC Pers Injury-Vehicular | 203 N. HIGH STREET, STE. 129<br>JACKSON, MO  63755 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **MARTIN MUAYD NASIR**
                 Alias:

**36733 WEBER DRIVE**
**STERLING HEIGHTS, MI  48310**

*COURT SEAL OF*

*CAPE GIRARDEAU COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____October 11, 2022_____      /s/ *Ashley Schuessler,* Deputy Clerk
Date                                      Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
*(Seal)*                ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.




**IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI**

| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number:  22CG-CC00207 |
|---|---|
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| vs. | |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address:<br>203 N. HIGH STREET, STE. 129<br>JACKSON, MO  63755 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **BNK TRANSPORT INC.**
Alias:

**REGISTERED AGENTS INC.**
**5534 SAINT JOE ROAD**
**FORT WAYNE, IN  46835**

***COURT SEAL OF***

***CAPE GIRARDEAU***
***COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| October 11, 2022 | /s/ *Ashley Schuessler,* Deputy Clerk |
|---|---|
| Date | Clerk |

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above Summons by: (check one)
    ☐ delivering a copy of the summons and petition to the defendant/respondent.
    ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
    ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
    ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Cape Girardeau (Jackson) - October 18, 2022 - 08:15 AM



**IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number:  22CG-CC00207 |
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO  63102 |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address:<br>203 N. HIGH STREET, STE. 129<br>JACKSON, MO  63755 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:  MARTIN MUAYD NASIR**<br>**Alias:** | |

**36733 WEBER DRIVE**
**STERLING HEIGHTS, MI  48310**

**COURT SEAL OF**

**CAPE GIRARDEAU COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| | |
|---|---|
| October 11, 2022 | /s/ *Ashley Schuessler*, Deputy Clerk |
| Date | Clerk |
| Further Information: | |

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is __PRIVATE PROCESS SERVER__ of __OAKLAND__ County, __MICHIGAN__ (state).
3. I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☒ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with __Miriam Nasir, Sister of Defendant__, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).

☐ other: _____.

Served at __36733 Weber Drive, Sterling Heights, MI 48310__ (address)

in __Macomb__ County, __Michigan__ (state), on __Friday, 10/14/22__ (date) at __10:40a__ (time).

__ERIC FLUEGGE__

| Printed Name of Sheriff or Server | *Eric Fluegge* |
|---|---|
| | Signature of Sheriff or Server |

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____ IAN PAULSEN, NOTARY PUBLIC,
Signature and Title STATE OF MICHIGAN,
OAKLAND COUNTY

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

Electronically Filed - Cape Girardeau (Jackson) - October 18, 2022 - 08:15 AM

### Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Cape Girardeau (Jackson) - October 18, 2022 - 08:15 AM

**IN THE 32ND JUDICIAL CIRCUIT, CAPE GIRARDEAU COUNTY, MISSOURI**

| Judge or Division:<br>BENJAMIN FREDERICK LEWIS | Case Number: 22CG-CC00207 |
|---|---|
| Plaintiff/Petitioner:<br>LATONDRA CHATMAN | Plaintiff's/Petitioner's Attorney/Address:<br>GREGORY DAVID VESCOVO JR<br>200 NORTH BROADWAY<br>SUITE 720<br>ST LOUIS, MO 63102 |
| vs. | |
| Defendant/Respondent:<br>MARTIN MUAYD NASIR | Court Address:<br>203 N. HIGH STREET, STE. 129<br>JACKSON, MO 63755 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **BNK TRANSPORT INC.**
Alias:

REGISTERED AGENTS INC.
5534 SAINT JOE ROAD
FORT WAYNE, IN 46835

**COURT SEAL OF**

**CAPE GIRARDEAU COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| October 11, 2022 | /s/ *Ashley Schuessler*, Deputy Clerk |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _LaGrange_ County, _IN_ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☒ (for service on a corporation) delivering a copy of the summons and petition to _Katie Kelly_ (name), _Process Registered Agent_ (title).
   - ☐ other: _IN._

Served at _5534 St. Joe Rd. 4_ (address)
in _Fort Wayne_ County, _IN_ (state), on _10/17/22_ (date) at _3:37 pm_ (time).

_TeJay Newsom_
Printed Name of Sheriff or Server

_[signature]_
Signature of Sheriff or Server

Subscribed and sworn to before me this _17th_ (day) _October_ (month) _2022_ (year).

**LYNDY A HAYSER**
Notary Public, State of Indiana
LaGrange County
Commission # NP0731519
My Commission Expires
**February, 07 2029**

(Seal)
STATE OF
NOTARY
INDIANA

(check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☒ authorized to administer oaths. (use for court-appointed server)

_Lyndy A Hayser, Member Advisor_
Signature and Title

| Service Fees | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

**See the following page for directions to officer making return on service of summons.**